# AHMAD KESHAVARZ
*Attorney at Law*

| | | |
|---|---|---|
| 16 Court St., 26th Floor<br>Brooklyn, NY 11241-1026 | www.NewYorkConsumerAttorney.com<br>E-mail: ahmad@NewYorkConsumerAttorney.com | Telephone: (718) 522-7900<br>Fax: (877) 496-7900 |

January 2, 2025

<u>VIA ECF</u>
Hon. Brian M. Cogan
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Joint Initial Conference Letter.
                *Edwards v. Stern & Stern, P.C., et al.,* Case 1:24-cv-08137-BMC

Dear Judge Cogan:

      The undersigned represents Plaintiff Michael Edwards in this suit against Defendant for its violation of the Fair Debt Collection Practices Act and related common-law claim.

      This Court has scheduled a telephonic Initial Status Conference for this action at 10 a.m. on Tuesday, January 7, 2025. In accordance with the Court's Order, the parties now submit this joint letter, which includes "a brief description of the case, including factual, jurisdictional, and legal basis for the claims and defenses, and addressing any contemplated motions."

<b><u>Brief view of the case</u></b>

**<u>Plaintiff's description of case and legal basis of claims.</u>**

      By way of background, Defendant Stern & Stern, P.C., a debt collection law firm, filed a debt collection lawsuit in 2015 and obtained a default judgment by falsely alleging service at a residence where Mr. Edwards no longer resided. When Mr. Edwards first learned of the lawsuit when his wages were garnished in 2017, he filed, *pro se*, an Order to Show Cause ("OSC") averring he did not live at the address during the year service was alleged. In its OSC Opposition, Stern & Stern filed an attorney affirmation admitting that Mr. Edwards did not live at the alleged address in 2017 (and attached a credit reporting agency address search report indicating the same), they argued Mr. Stern lived there in 2015. The Court vacated the judgment and discontinued the action without prejudice.

      In 2020 Stern & Stern filed suit for the same putative debt as the 2015 action. Incredibly, Stern & Stern alleged service at the same address as in 2015 – despite admitting in 2017 that Mr. Edwards no longer lived there. Based on the false affidavit of service, Stern & Stern sought and fraudulently obtained a default judgment.

      In the context of this background, the recent facts that form the basis of this suit are as follows. Mr. Edwards knew nothing of the fraudulent judgment until after New York City Marshal sent a Notice of Garnishment and began garnishing his wages within one year of the filing of this FDCPA action. Mr. Edwards, *pro se*, obtained an OSC staying enforcement of the judgment – yet Stern & Stern kept accepting checks for garnishments during the stay period, cashing those checks, and pocketing the money. After weeks and months of continued wrongful garnishments, Mr. Edwards was finally able to vacate the default judgment and obtain an order

forcing Stern & Stern to return the money it mostly obtained during the collection stay, and entirely obtained from the default judgment based on fraudulently obtained affidavit of service.

Plaintiff's damages are as follows. Stern & Stern's misconduct not only wrongfully dispossessed Mr. Edwards of his wages for months, but also inflicted substantial so-called emotional distress damages. *See e.g. Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, No. 15-CV-2741 JSR, 2015 WL 6437493, at *2 (S.D.N.Y. Oct. 21, 2015). He was haunted by fears he would not be able to pay his rent or his bills. He felt desperate and overwhelmed. He already worked two shifts to be able to make ends meet, but could not sleep thinking about what would happen, tossing and turning at night. Many nights he would only sleep two hours. At work his heart was often racing and he felt like he was going to have a panic attack; it was often a struggle just to calm himself down. He began stress eating, gaining weight. His doctor expressed so much concern about his weight gain that the doctor wanted to put him on weight loss medication

Mr. Edwards asserts the conduction of Stern and Stern violated the FDCPA, sections 15 U.S.C. § 1692e and unfair and unconscionable under 1692f. The continued receipt, cashing, and retaining payments from wage garnishments during the order staying collection activity violates the FDCPA and constitutes conversion.

### **Defendant's view of case and defenses.**

Defendant, through its principal Kenneth D. Stern, states that it has been informed today that its insurance carrier will not cover this incident; that its Answer is not due until tomorrow, and that it is doing everything possible to file an Answer by tomorrow as set by the Court. Defendant states it must request additional time to address a joint letter.

(While Plaintiff does not object to a grant of an additional day for Defendant to lay out its view of the case, he is filing the letter in its current form to comply with the Court's order.)

### **Jurisdiction**

The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the dispute involved predominant issues of federal law under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"). The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law conversion because said claim is related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Venue in the Eastern District of New York is proper because all or a substantial part of the events or omissions giving rise to the claims in this action occurred in Kings County, New York.

### **Contemplated Motions**

Plaintiff anticipates filing a motion for summary judgment as to liability after the close of fact discovery.

Respectfully,

/s/
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
Counsel for Plaintiff Michael Edwards

3

cc: Kenneth D. Stern (via email to ken@sternlawcollections.com)