# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

December 17, 2025

VIA ELECTRONIC FILING

Magistrate Judge Peggy Kuo  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Courtroom 11C South  
Brooklyn, New York 11201

**Re: Consent motion for the extension of deadlines by 60 days.**

Michael Edwards v. Stern & Stern, P.C. (1:24-cv-08137-PK)

Dear Judge Kuo:

The undersigned represents Plaintiff in this FDCPA lawsuit.

The relevant procedural history of the case is as follows. On January 30, 2025, the court entered a scheduling order [DE 22] On March 7, 2025, Defendant's original counsel filed a motion to substitute [DE 28]. On February 20, 2025, attorney Arthur Sanders filed a notice of appearance [DE 26]. On May 7, 2025, Mr. Sanders filed a letter notifying the court and the parties that the insurance carrier would proceed with him as counsel [DE 30]. On July 22, 2025, the Parties filed, and the court granted, an application to extend the time to complete discovery until October 22, 2025. [DE 31]. On October 22, 2025, the Parties filed, and the court granted, an application to extend the time to complete discovery until December 22, 2025. [DE 32]. The court granted this extension but warned the Parties that "no further extensions will be granted absent good cause being shown."

I write on behalf of all Parties to request an extension of the deadline for the close of fact discovery and the deadline to request a pre-motion conference or file a briefing schedule for dispositive motions, and to explain the Parties' reasons.

The Parties have good cause for this requested extension. Plaintiff has been diligent in seeking to obtain discovery within the existing discovery deadline. In Plaintiff's deposition of Kenneth Stern, Mr. Stern referenced audio recordings of calls between Defendant and the Plaintiff, which Plaintiff later requested via multiple emails and formal discovery requests. Plaintiff has also requested that Defendant produce audio recordings of calls between Defendant and New York City Marshal Ronald Moses; any and all documents sufficient to show the dates and amounts of the ACH transfers of the restrained funds from Marshal Moses to Defendant; any and all communications regarding Defendant's litigation against Plaintiff in state court; te identities of the employees who were parties to the aforementioned communications; any and all invoices for work on the account corresponding to Plaintiff's alleged debt; and emails in their native format with attachments. Though Plaintiff has reiterated his discovery demands for these materials through the service of formal discovery requests on opposing counsel, most recently on November 10, 2025, and multiple follow-up emails, most recently on December 12, 2025,

Plaintiff has received no documents responsive to the aforementioned requests. Additionally, there is an unresolved fact question as to whether Defendant cashed checks drawn from wrongfully garnished funds after learning of the wrongful nature of the garnishment; Defendant has not produced bank records or other documents which would answer this question despite Plaintiff's repeated requests for the same, and Plaintiff now may need to subpoena third-party financial institutions for the banking records of Defendant to determine whether wrongfully garnished funds were deposited in Defendant's accounts after Defendant received notice of the wrongful nature of the garnishment, particularly because Defendant's counsel represented today, for the first time, that Defendant is not in possession of any such bank records.

      The undersigned intends to soon file a motion to compel answers and documents responsive to his Third Set of Discovery Requests after conferring again via telephone with opposing counsel, who is currently out of town.

      All counsel respectfully request an additional 60 days to complete discovery, file a letter certifying the same, and to request a pre-motion conference in advance of any dispositive motion.

      Defendant consents to the application for the 60-day extension without commenting, at this juncture, as to the representations of Plaintiff's counsel as to his complying with discovery demands.

      This is the third request for an extension of this deadline. The extension would affect deadlines related to filing of pre-motion conference regarding summary judgment and certifying the completion of fact discovery. Those deadlines are December 22, 2025. The Parties request a 60-day extension to February 20, 2026.

Respectfully,

/s/
Ahmad Keshavarz

cc: Arthur Sanders via ECF