# AHMAD KESHAVARZ

*Attorney at Law*

---

16 COURT STREET, #2600  
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

December 30, 2025

<u>VIA ELECTRONIC FILING</u>

Magistrate Judge Peggy Kuo  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Courtroom 11C South  
Brooklyn, New York 11201

  **Re: Joint letter setting forth remaining discovery.**

<u>Michael Edwards v. Stern & Stern, P.C. (1:24-cv-08137-PK)</u>

Dear Judge Kuo:

  The undersigned represents Plaintiff in this FDCPA lawsuit.

  The relevant procedural history of the case is as follows. On January 30, 2025, the Court entered a scheduling order [DE 22]. On March 7, 2025, Defendant's original counsel filed a motion to substitute [DE 28]. On February 20, 2025, attorney Arthur Sanders filed a notice of appearance [DE 26]. On May 7, 2025, Mr. Sanders filed a letter notifying the Court and the Parties that the insurance carrier would proceed with him as counsel [DE 30]. On July 22, 2025, the Parties filed, and the Court granted, an application to extend the time to complete discovery until October 22, 2025. [DE 31]. On October 22, 2025, the Parties filed, and the Court granted, an application to extend the time to complete discovery until December 22, 2025 [DE 32]. The Court granted this extension but warned the Parties that "no further extensions will be granted absent good cause being shown." On December 17, 2025, the Parties filed an application to extend the time to complete discovery [DE 33]. On December 19, 2025, the Court granted this request in part, vacating the December 22, 2025 deadline and ordering the Parties to confer regarding discovery and submit a joint letter outlining all remaining disputes by December 30, 2025. The Parties have conferred and jointly drafted this letter in response to the Court's December 19, 2025 Order.

  In Plaintiff's deposition of Kenneth Stern, Mr. Stern referenced audio recordings of calls between Defendant and the Plaintiff, which Plaintiff later requested via multiple emails and formal discovery requests. Plaintiff has also requested that Defendant produce audio recordings of calls between Defendant and New York City Marshal Ronald Moses; any and all documents sufficient to show the dates and amounts of the ACH transfers of the restrained funds from Marshal Moses to Defendant; any and all communications regarding Defendant's litigation against Plaintiff in state court; the identities of the employees who were parties to the aforementioned communications; any and all invoices for work on the account corresponding to Plaintiff's alleged debt; and emails in their native format with attachments. Though Plaintiff reiterated his discovery demands for these materials through the service of formal discovery requests on opposing counsel, most recently on November 10, 2025, and multiple follow-up emails, most recently on December 12, 2025, Plaintiff has received no documents responsive to

1

the aforementioned requests. Additionally, there is an unresolved fact question as to whether Defendant cashed checks drawn from wrongfully garnished funds after learning of the wrongful nature of the garnishment; Defendant has not produced bank records or other documents which would answer this question despite Plaintiff's repeated requests for the same.

Counsels had a thirty-minute phone conversation on December 29 to resolve discovery disputes and discuss this joint letter. In furtherance of resolving the discovery disputes, Defendant has agreed to provide by January 7:

1. Answers to Plaintiff's Third Set of Discovery Demands, served on November 10, and to produce responsive documents (which would include documents referenced in paragraph 2 of this letter, to the degree they exist);

2. Documents for which production was requested during the March 26 deposition of Defendant, specifically the highlighted sections of the deposition transcript emailed to counsel for Defendant on December 29.

3. Emails in their native format.

4. PDF files in their native format in a manner that preserves their original metadata, specifically including PDF files referenced in pages 53-60 of the deposition testimony.

5. Production of audio recordings, including those referenced in the March 26 deposition of Defendant. If Defendant does not produce recordings referenced in his deposition testimony, he would execute an affidavit explaining the discrepancy.

To the degree Defendant does not provide fully responsive documents by January 7, Plaintiff will file a motion to compel. Plaintiff will hold off on subpoenaing bank records until Defendant makes a definitive response as to the production of such records. Defendant agrees to diligently search for documents sufficient to determine the amount and timing of any deposits of wrongfully garnished funds in Defendant's accounts after Defendant received notice of the wrongful nature of the garnishment.

Defendant seeks no further discovery from Plaintiff.

Respectfully,

/s/
Ahmad Keshavarz

cc: Arthur Sanders via ECF