# AHMAD KESHAVARZ
## *Attorney at Law*

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

June 5, 2026

VIA ELECTRONIC FILING

Magistrate Judge Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Courtroom 11C South
Brooklyn, New York 11201

> **Re:   Letter motion for pre-motion conference on Plaintiff's contemplated Motion for Summary Judgment.**
>
> Michael Edwards v. Stern & Stern, P.C. (1:24-cv-08137-PK)

Dear Judge Kuo:

The undersigned represents Plaintiff in this FDCPA lawsuit. This letter is to move for a pre-motion conference for Plaintiff's contemplated Motion for Summary Judgment. In accordance with Your Honor's Individual Practice Rules, a summary of the motion is as follows.

Plaintiff intends to move for summary judgment as to liability for violations of the FDCPA and conversion. Plaintiff also intends to argue that the determination of punitive damages for conversion, if any, is a matter properly before the jury in this case, and punitive damages should not be precluded at this stage.

## I.      FDCPA liability.

Collecting on a judgment obtained through improper or fraudulent service has long been recognized as a violation of the FDCPA, a strict liability statute. *See e.g. Texidor v. Tromberg, Morris, & Poulin, PLLC*, 2023 WL 8043067, at \*4 (E.D.N.Y. 2023) (collecting cases); *Villalba v. Houslanger and Associates, PLLC*, 2022 WL 900538, at \*6 (E.D.N.Y. 2022); *see also Sykes v. Mel Harris and Associates, LLC*, 757 F.Supp.2d 413, 424 (S.D.N.Y. 2010) (collecting a debt using false affidavits of merit violates the FDCPA.) By garnishing Mr. Edwards's wages based on a judgment obtained through improper service—at an address Stern & Stern knew to be incorrect and outdated—Stern & Stern violated the FDCPA. By collecting Mr. Edwards's garnished wages from the New York City Marshal after Mr. Edwards's Order to Show Cause resulted in a judge ordering a stay of garnishment and collections pursuant to the judgment, Stern & Stern violated the FDCPA.

Mr. Edwards's emotional distress damages resulting from this wrongful garnishment are substantial and would be properly before a jury. Mr. Edwards was wracked by fear and shame after Defendant's wrongful garnishment, and, while hiding the situation from his family, began pulling extra shifts at the hospital to make up for the lost wages—resulting in a period of months on end during which Mr. Edwards regularly slept in a disused hospital room between shifts, rather than going home. Mr. Edwards felt humiliated whenever he had to speak to HR to inquire about the garnishment, and he struggled to control his eating to the point that his doctor was

1

concerned for his cardiological health. Mr. Edwards's allegations of emotional distress are substantial, and a damages determination is properly before a jury in this action. *See* **Exhibit A** (Highlighted Edwards Deposition Transcript Excerpt).

## II.    Conversion liability.

"A cause of action for conversion requires a showing that a defendant exercised unauthorized dominion over the plaintiff's property to the exclusion of the plaintiff's rights." *White v. City of Mount Vernon*, 221 A.D.2d 345, 346 (App. Div. 2d Dept. 1995). Stern & Stern committed conversion when it garnished Mr. Edwards's wages through a void judgment that Stern & Stern knowingly obtained through sewer service, and again when it took possession of Mr. Edwards's garnished wages from the marshal in spite of a court-ordered stay of garnishment and collections.

When the underlying possession is lawful, a demand by the plaintiff and refusal to return the property by the defendant is necessary for a claim of conversion. *Id.* Under this framework, the demand and refusal to return turns the possession from lawful to unlawful. *Employers' Fire Ins. Co. v. Cotten*, 245 N.Y. 102, 105 (1927). But there is another side of the analysis: when the underlying possession is unlawful, demand is not necessary for a claim of conversion. *Le Febvre v. New York Life Ins. & Annuity Corp.*, 214 A.D.2d 911, 913 (App. Div. 1st Dept. 1995); *Polanco v. NCO Portfolio Mgmt*. 132 F. Supp. 3d 567, 588 (S.D.N.Y. 2015).

The judgment against Mr. Edwards was obtained through known improper service and was not lawful. Because service was not effected, the court never had jurisdiction and all the proceedings and the default judgment were null and void. *McMullen v. Arnone*, 79 A.D.2d 496 (App. Div. 2d Dept. 1981). Enforcing on a void judgment is conversion *ab initio*, with the converters "liable for the consequences of their acts as if the judgment and execution never existed." *Era Realty Co. v. RBS Properties*, 185 A.D.2d 871, 873 (App. Div. 2d Dept. 1992); *see also Day v. Bach*, 87 N.Y. 56, 61 (1881). This rule is centuries old—as the New York Court of Appeals held in 1864, "[a] process being void, the party who sets it in motion, and all persons aiding and assisting him, are *prima facie* trespassers, for seizing property under it." *Kerr v. Mount,* 28 N. Y. 659 (1864); *see also*, *e.g., Siegel v. Northern Blvd. & 80th St. Corp.,* 31 A.D.2d 182, 186-187 (App. Div.1st Dept.1968)

*Era Realty* dispenses with any argument that Defendant had a "lawful judgment." While the judgment in *Era Realty* was void for lack of subject matter jurisdiction, not lack of personal jurisdiction, that distinction makes no difference under *Era Realty's* holding. Both types of judgments are void at their inception, and in both cases the defendants obtained the judgment through void process – in Stern & Stern's case by engaging in improper service and in *Era Realty* by suing in the wrong court. *Id*; *McMullen,* 79 A.D.2d 496. Because the judgment was void at inception, Stern & Stern became a converter *ab initio* when it enforced on it.

The plaintiff's lack of knowledge, or good faith, does not matter under the rationale that a party levying on a debt levies at the risk that the debt is not proper. *Bam Bam Entm't LLC v. Pagnotta*, 75 N.Y.S.3d 804, 808 (Sup. Ct. Kings County 2018). However, Stern & Stern *did* have actual knowledge of the fatal defect in the affidavit of service at the Rockaway Parkway address, and pressed on despite admitting the address was not the correct one at the time of service.

Even after realizing the affidavit of service was faulty, Stern & Stern has not sought to address the wrongdoing or vacate the improper judgments, choosing instead to keep its

2

judgments and potentially garnish wages, freeze bank accounts or put liens on property. Sewer service is ignominious conduct that deprives defendants of due process. *Velázquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971); *United States v. Wiseman*, 445 F.2d 792, (2d Cir. 1971). And as discussed above, leviers levy at their own peril. *Bam Bam Entm't*, 75 N.Y.2d, at 808. If Stern & Stern is going to collect on suspect judgments, then it bears the risk of committing conversion. Stern & Stern's conversion is made even more egregious by the fact that Stern & Stern had actual knowledge that the purported address on the affidavit of service was incorrect; however, even without that knowledge, Stern & Stern would still be liable for conversion for their actions because it enforced a default judgment obtained through void process. *Day*, 87 N.Y. at 61; *Era Realty*, 185 A.D.2d at 873*; Siegel*, 31 A.D.2d at 186-187.

### III.    Conversion: punitive damages questions goes to jury and damages may include emotional distress.

Plaintiff will seek summary judgement as to whether there is enough evidence of willfulness to go to trial on the question of punitive damages for conversion.

"Punitive damages are available for conversion 'where circumstances show that the conversion was accomplished with malice, insult, reckless and willful disregard for plaintiff's rights, or by other proof evidencing the aggravated nature of the act.'" *Morales v. Kavulich & Assocs., P.C.*, 294 F. Supp. 3d 193, 198 (S.D.N.Y. 2018) (quoting *Caballero v. Anselmo*, 759 F.Supp. 144, 153 (S.D.N.Y. 1991)). In *Morales*, plaintiff moved for summary judgment on whether the issue of punitive damages should be submitted to the jury. The Court held that the evidence established that the debt collector "repeatedly enforces either non-existent or vacated judgments; he is aware that this occurs but has not changed his business practices by fixing his computer system or meaningfully reviewing documents to stop it." *Morales,* 294 F. Supp. 3d at 199. The Court ruled that "[b]ecause this is an issue of interpreting the character of Kavulich's actions, it creates a material question of whether his conduct qualifies as wanton and reckless or malicious," and held that the plaintiff was not precluded from seeking punitive damages against the defendants. *Id.*

The conduct in *Morales* is not as egregious as the conduct by Defendant in this case. There, Defendants failed to perform a meaningful attorney review prior to issuance of bank restraints; here, Defendant persisted in pursuing, and profiting from, a wage garnishment after being repeatedly put on notice, in writing and with evidence, of the wrongful and invalid nature of the underlying judgment pursuant to which the garnishment was sought, and of the existence of a court order staying collections. *See* **Exhibit B** (Highlighted Stern Deposition Transcript Excerpt).

Defendant's conduct warrants punitive damages. Plaintiff's complaint includes a claim for conversion, and Defendant's conversion of Plaintiff's wages pursuant to an affidavit of service they had reason to know was false was utterly reckless, wanton, malicious, and gross and outrageous. Even worse, Defendant's garnishment continued after Defendant was put on notice of a court-ordered stay in collections against Plaintiff. Defendant's conduct rises beyond wanton disregard and crosses the line into intentional violation of Plaintiff's rights, and Defendant therefore has exposure to a punitive damages multiplier for *all* damages resulting from the conversion of Plaintiff's wages—including Plaintiff's emotional distress damages.

<u>Plaintiff will seek summary judgment on the legal question of whether conversion, done with malicious intent, allows the recovery for emotional distress damages and not just fair market value of the property converted.</u>

While generally the actual damages for conversion are the fair market value of the converted property plus interest, a finding that the conversion was done with malicious intent allows for emotional distress damages and punitive damages. *See e.g. In re Bace,* No. 11 CIV. 6065 PAC HBP, 2012 WL 2567153 (S.D.N.Y. May 10, 2012), *report and recommendation adopted sub nom. Bace v. Babitt,* No. 11 CIV. 6065 PAC HBP, 2012 WL 2574750 (S.D.N.Y. July 3, 2012). "Where the defendant's act is intentional, recovery has been allowed for emotional distress and physical harm resulting therefrom," *Cauverien v. De Metz,* 188 N.Y.S.2d 627, 631 (Sup. Ct. New York Cnty. 1959) (discussing availability of emotional distress damages under New York tort law principles and applying to conversion). *See also Garrison v. Sun Printing & Publishing Ass'n,* 207 N.Y. 1, 8 (finding emotional distress available as a general rule "for the redress of a wrong intentionally, willfully, and maliciously committed," as opposed to a tort sounding in, for example, negligence); *Bhattal v. Grand Hyatt-New York,* 563 F.Supp. 277, 281 (S.D.N.Y. 1983) (finding emotional distress damages unavailable for conversion under New York law "absent proof of malicious intent" or "[a]bsent malicious conduct.")

The undersigned thanks the Court for its consideration.

Respectfully,

/s/
Ahmad Keshavarz

cc: Arthur Sanders via ECF

4