

BARRON & NEWBURGER, PC

**Arthur Sanders**
*Attorney*

Office 845-499-2990 | E-Mail: asanders@bn-lawyers.com

June 19, 2026

Hon. Peggy Kuo
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, NY  11201

RE:    Edwards v. Stern & Stern, P.C.
       24-CV-08137

Dear Judge Kuo:

As you know, this office represents the defendant in the above-captioned matter.  We write in partial opposition to plaintiff's pre-motion conference letter of June 5, 2026 (Doc. 40).

The facts of this case are unfortunate and are, for the most part, undisputed. Defendant initiated legal action against plaintiff in 2015 and obtained a default judgment.  Plaintiff was no longer residing at the address where service was made and did not learn of the judgment until his wages were garnished in 2017.  Plaintiff was then able to go to court and have the judgment vacated and the case dismissed without prejudice.

After the case was dismissed without prejudice, defendant brought a second lawsuit against the plaintiff.  Unfortunately, defendant's personnel failed to note plaintiff's new address.  Because of this mistake, the second complaint contained plaintiff's previous address and service was made at that address.  Obviously, plaintiff did not reside at that address and never received notice of the second lawsuit.

Mr. Edwards was forced to go back to court in April 2024 to vacate the second default judgment.  He did this after learning of the judgment when he learned of an income execution served upon the City Marshal.  Plaintiff was able to get the second judgment vacated and was able to receive a refund of the monies improperly garnished from him.

Any allegations in the complaint pertaining to the first filed collection action would be barred by the applicable one-year Statute of Limitations to actions brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.  With respect to the second collection action filed against Mr. Edwards, defendant

Cell:  (845) 548-2213 | Fax: (845) 499-2992 | 30 South Main Street | New City, NY 10956 | bn-lawyers.com



Hon Peggy Kuo                                            June 19, 2026
Re : Edwards v. Stern & Stern

concedes that it violated the FDCPA by serving the second lawsuit in an improper fashion and by attempting to enforce the second judgment.

With respect to the FDCPA claims that are not barred by the one-year Statute of Limitations, defendant recognizes that plaintiff is entitled to recover statutory and actual damages. Punitive damages are not available under the FDCPA.

With regard to the FDCPA claims, the parties attempted to mediate those claims but were not successful. While the parties definitely differ on the value of those claims, defendant will not oppose any motion for summary judgment based upon violation of the FDCPA.

Plaintiff's only additional claim is for conversion. While defendant concedes that improper wage garnishment can be considered conversion even if the funds are returned, defendant contends that plaintiff's damages are limited to the loss of use of his money, which, in this case, would be subject to a mathematical calculation. The sum involved is not significant.

Defendant is not arguing that conversion can't be found against it based upon the default judgment that was entered based upon an incorrect affidavit of service. See, **Polanco v. NCO Portfolio Management,** 132 F. Supp 3d 567, 588 (SDNY 2015). Defendant also recognizes that conversion will exist even if the deprivation of funds is partial or temporary. See, **Crespo v. Gutman, Mintz, Baker & Sonnenfeldt**, 2025 U.S. District Lexis 51227 (SDNY Mar. 20, 2025). The fact remains, however, that plaintiff can't recover twice for the same injury. In essence, his injuries are emotional distress. Plaintiff can be compensated for that injury pursuant to the FDCPA. See, **Wickham Contracting Co. v. Board of Education**, 715 F. 2d 21, 28 (2nd Cir., 1983). See, also, **EEOC v. Waffle House, Inc.,** 534 U.S. 279, 297, 122 S.Ct. 754, 151 L. Ed. 2nd 755 (2002).

Plaintiff wants to move ahead with his conversion claim because conversion, in some instances, can result in a finding of punitive damages. It is defendant's position that punitive damages are inappropriate under the facts of this case and should not be awarded.

The factual record in this case shows that plaintiff was sued a second time because of a mistake made by the defendant law firm. The mistake was not part of a pattern and practice, and plaintiff has not shown that the circumstance ever happened in the past. The instant defendant does not have a history of being sued for this type of violation and has procedures in place to prevent this type of mistake. Nonetheless, the mistake was made.

Cell: (845) 548-2213 | Fax: (845) 499-2992 | 30 South Main Street | New City, NY 10956 | bn-lawyers.com



Hon Peggy Kuo                                                                         June 19, 2026
Re : Edwards v. Stern & Stern

Punitive damages will turn on the factual record.  See, **OL USA LLC v. Maersk**, 730 F. Supp. 3d 66 (SDNY, 2024).  In addition, it should be noted, under New York law, that punitive damages are only to be awarded in rare cases.  See, Knieriemen v. Bache Halsey, 74 AD 2d 290, 427 NYS 2d 10, (First Dept., 1980).

This matter does not merit any finding of punitive damages.  Without such a finding, plaintiff is still entitled to a fair recovery for his emotional distress under the FDCPA.

Defendant would oppose any effort by plaintiff to obtain summary judgment on the conversion claim for punitive damages.

Thank you for your attention to this matter.


Sincerely,

BARRON & NEWBURGER, P.C.


_____
By:  Arthur Sanders

as/ctw